IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| David Roy Hutchings,<br>Plaintiff<br><br>v.<br><br>COUNTY OF LLANO, TEXAS, LLANO CENTRAL APPRAISAL DISTRICT, LLANO INDEPENDENT SCHOOL DISTRICT, LLANO COUNTY TAX ASSESSOR/ COLLECTOR, LLANO COUNTY EMERGENCY SERVICES, 424TH JUDICIAL DISTRICT, LLANO, COUNTY SHERIFF'S OFFICE, JUDGE EVAN STUBBS, RONALD CUNNINGHAM, BILL BLACKBURN, SCOTT DUDLEY, KRIS FOGELBERGE, MAC EDWARDS, GILBERT BENNETT, AND JOYCE GILLOW<br>Defendants. | CIVIL ACTION NO. 1:20CV0308LY |

**DEFENDANT LLANO CENTRAL APPRAISAL DISTRICT
AND DEFENDANT SCOTT DUDLEY'S
MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT**

NOW COMES the Defendants, the Llano Central Appraisal District and Scott Dudley, and files this Motion to Dismiss Plaintiff's Original Complaint. The Defendants would show the Court the following:

**MOTION TO DISMISS**

The Defendants deny that jurisdiction exists in this Court to hear this matter and move to dismiss pursuant to F.R. Civ. P. 12(b)(1).

Under the Tax Injunction Act (28 U.S.C.A. § 1341), federal district courts "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." Plaintiff's cause of

action in the instant case is rooted in the assessment, levying and collection of property taxes under the law of the State of Texas.

The law of the State of Texas provides for a plain, speedy and efficient remedy for Plaintiffs grievances within the courts of Texas. Specifically, Chapter 41 of the Texas Tax Code allows a property owner who is dissatisfied with the appraisal of his property to protest that appraisal before a local appraisal review board. If the appraisal review board does not resolve the matter to the property owner's satisfaction, he can appeal the board's order and obtain judicial review in the form of a trial de novo from a district court. *Id.,* Chapter 42.
While Plaintiff's Complaint seeks declaratory relief based on allegations of federal Constitutional violations, the Tax Injunction Act specifically prohibits a federal district court from issuing a declaratory judgment holding state tax laws unconstitutional.

In a Rule 12(b)(1) motion a moving party may make a facial attack on the complaint's allegations as to the existence of subject matter jurisdiction. *Holt v. United States,* 46 F.3d 1000, 1002 (10th Cir.1995) (internal citation omitted). In reviewing a facial attack, the district court must accept the allegations in the complaint as true. *Id.* The appropriate standard of review applicable to facial attack of court's subject matter jurisdiction involved accepting alleged facts as true and drawing all reasonable inferences in plaintiffs favor. *Nelson v. Corn. of Pennsylvania Dept of Public Welfare,* 244 F. Supp.2d (E.D.Pa. 2002). Thus, if, having taken all the factual allegations pled by the plaintiff as true, the weight of the evidence does not indicate that a federal question has been asserted, the Court must dismiss the matter before it.

The Defendants accept the factual predicate in-artfully alleged by the Complainant that he once owned property in Llano County, that these Defendants placed that property on the Llano Central Appraisal District Appraisal roll and sent notices of appraised value to the

Complainant. These Defendants further accept the factual predicate that the taxing unit Defendants assessed taxes against that property, that the Complainant failed to pay those taxes, and that the taxing unit Defendants foreclosed on the property subsequently.

Pursuant to the Tax Injunction Act (the "Act") (28 U.S.C.A. §1341), federal district courts "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C.A. § 1341. The limitation imposed by the Act is a reflection of Congressional concern over the intrusion of federal courts into matters of state government. Furthermore, the Act is "grounded in the need of states to administer their own fiscal matters without undue interference from the federal courts." *Arkansas v. Farm Credit Services of Central Arkansas,* 510 U.S. 821, 832 (1997).

The Act is a broad limitation of the power of federal courts which prevents such courts from granting injunctive relief, declaratory relief, and suits for damages. *California v. Grace Brethren Church,* 457 U.S. 393, 411 (1982); *Brooks v. Nance,* 801 F.2d 1237, 1239 (10$^{11}$ Cir. 1986). The bar to jurisdiction created by the Act prevents federal courts from considering cases which involve allegation of federal Constitutional violations. *Id.* This principle of jurisdictional bar in matters of state tax collection, rooted in equity practice and issues of federal-state comity, has an extensive history which extends well beyond the specific parameters of the Act. See, for example, *Matthews v. Rogers,* 52 S.Ct. 217 (1932); *Dows v. City of Chicago,* 78 U.S. 108 (1870).

To balance the potential harm done to state taxpayers if federal courts are completely barred from asserting jurisdiction over matters related to the assessment, levy or collection of a state tax, the Act requires that plaintiffs be afforded "a plain, speedy and efficient remedy" in

state court. (28 U.S.C.A. §1341). If the court determines that such a remedy is available to a plaintiff, then the Act bars federal adjudication of the matter.

Under the laws of the State of Texas, Plaintiffs in the case at bar have the right to challenge tax appraisals, or even the taxability, of their property with which they disagree. Chapter 41 of the Texas Tax Code allows a property owner to file a protest with the local appraisal review board, an impartial body of citizens appointed to hear and decide complaints from property owners. The board conducts a hearing at which the property owner has the opportunity to present evidence and arguments challenging the appraisal of his property. If the property owner is dissatisfied with the board's order determining his protest, he can appeal the order to the local state district court for judicial review under Chapter 42 of the Tax Code. Judicial review is by trial *de novo.* Section 42.09 states that the Code's protest and appeal procedures are the exclusive means through which a property owner can contest the appraisal of his property. The Tax Code's procedures and remedies have repeatedly been held to satisfy the requirements of due process. *Graham v. Hutchison County Appraisal Review Board,* 776 S.W.2d 592 (Tex. App. — Amarillo 1988, writ den.); *Brooks v. Bachus,* 661 S.W.2d 288 (Tex. App. — Eastland 1983, writ ref. n.r.e.).

In order to meet the requirements of the "a plain, speedy and efficient remedy" condition, state remedies must provide the taxpayer with a full hearing and judicial determination at which the taxpayer may raise any and all constitutional objections to the tax. *Rosewell v. LaSalle Nat. Bank,* 450 U.S. 503, 514-515 (1981). The condition has been found to be satisfied where the aggrieved party could seek a judicial determination of the constitutionality of a tax in state court after exhausting state administrative remedies. *California v. Grace Brethren Church,* 457 U.S.

393, 415 (1982). Based on these standards, the remedy provided by the State of Texas meets or exceeds the minimum requirements of "a plain, speedy and efficient remedy."

## PRAYER

WHEREFORE the Defendants asks the Court to dismiss this cause for want of jurisdiction, that all assess costs be taxed against plaintiff, and award defendants all other relief the Court deems appropriate and may be justly entitled.

Respectfully submitted,

LOW SWINNEY EVANS & JAMES, PLLC
623 S. Baker Circle
Leander, Texas 78641
(512) 379-5800
(512) 367-5932 (fax)

By: ___/s/ *Kirk Swinney*___
    Kirk Swinney
    State Bar No. 19588400
    kswinney@lsejlaw.com
    Ryan L. James
    State Bar No. 24078731
    rjames@lsejlaw.com
    James R. Evans, Jr.
    State Bar No. 06721500
    jevans@lsejlaw.com
    E. Barry Gaines
    State Bar No. 24042358
    bgaines@lsejlaw.com
    Marjorie I. Bachman
    State Bar No. 24044910
    mbachman@lsejlaw.com

    ATTORNEYS FOR DEFENDANT

# CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing has been electronically served upon all counsel of record in compliance with the Federal Rules of Civil Procedure on this the 27th day of March, 2020.

David Roy Hutchings
*Via email: drroylyn@yahoo.com*

                                              /s/ *Kirk Swinney*
                                              _____
                                              Kirk Swinney