UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DAVID ROY HUTCHINGS,<br>*Plaintiff*<br><br>v.<br><br>COUNTY OF LLANO, TEXAS, LLANO CENTRAL APPRAISAL DISTRICT, LLANO INDEPENDENT SCHOOL DISTRICT, LLANO COUNTY TAX ASSESSOR/COLLECTOR, LLANO COUNTY EMERGENCY SERVICES, 424TH JUDICIAL DISTRICT, LLANO COUNTY SHERIFF'S OFFICE, JUDGE EVAN STUBBS, RONALD CUNNINGHAM, BILL BLACKBURN, SCOTT DUDLEY, KRIS FOGELBERGE, MAC EDWARDS, GILBERT BENNETT, AND JOYCE GILLOW,<br>*Defendants* | Case No. 1:20-CV-308-LY-SH |

**O R D E R**

Before this Court is Judicial Defendants' Opposed Motion to Stay Discovery, filed April 20, 2020 (Dkt. No. 17). On April 28, 2020, the District Court referred to the undersigned Magistrate Judge all pending and future discovery motions and other nondispositive motions for resolution, and all pending and future dispositive motions for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

**I.   Background**

Plaintiff David Roy Hutchings's Complaint alleges that the above-named Defendants illegally assessed and collected property taxes on his property in Llano County, Texas, and that his property was illegally sold through a state court judicial proceeding. Plaintiff alleges a plethora of claims, including claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C.

§§ 1961 and 1962 ("RICO"); 42 U.S.C. §§ 1983, 1985, and 1986; the Eighth Amendment to the United States Constitution; the Texas Theft Liability Act; and the Texas Deceptive Trade Practices Act; as well as fraud, conversion, and a claim for the intentional infliction of emotional distress.

On April 20, 2020, Defendants Judge Evan Stubbs and the 424th Judicial District Court (collectively, the "Judicial Defendants") filed a motion to dismiss based on judicial immunity, qualified immunity, lack of subject matter jurisdiction, and failure to state a claim on which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6), respectively (Dkt. No. 12). The Judicial Defendants now ask the Court to stay discovery pursuant to FED. R. CIV. P. 26(c) until threshold issues raised in the motion to dismiss are decided. Although Plaintiff failed to file a response to the motion to dismiss, the Judicial Defendants indicate in their Motion to Stay that Plaintiff opposes the motion.

## II.   Legal Standards and Analysis

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order on a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Under Rule 26(c)'s "good cause" requirement, the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). To determine whether a stay is appropriate, a court must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and eliminate the need for such discovery entirely. *Bickford v. Boerne Indep. Sch. Dist.*, 2016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016).

The Judicial Defendants contend that the Court lacks subject matter jurisdiction over Plaintiff's claims and that they are barred by judicial and qualified immunity, and that discovery should be stayed until these threshold issues are decided. The Supreme Court "has described immunity as a threshold question, to be resolved as early in the proceedings as possible." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (per curiam) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)). The Fifth Circuit has stated that, "until resolution of the threshold question of the application of an immunity defense, discovery should not be allowed." *Nieto v. San Perlita Indep. Sch. Dist.*, 894 F.2d 174, 177 (5th Cir. 1990) (quotation omitted); *see also Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 383 (5th Cir. 1987) (stating that district court acted properly in staying discovery pending resolution of issues of absolute, qualified, and sovereign immunity); *Carlisle v. Normand*, 2018 WL 3474715, at *4 (E.D. La. July 19, 2018) (granting motion to stay discovery pending resolution of motions to dismiss concerning defendant's sovereign, absolute, or qualified immunity); *LeClerc v. Webb*, 2003 WL 21026709, at *7 (E.D. La. May 2, 2003) (granting motion to stay discovery based on judicial immunity).

The undersigned finds that Judicial Defendants have established good cause for a stay of discovery of limited duration by demonstrating the existence of the threshold question whether Plaintiff's claims are barred by immunity. Accordingly, the Court **GRANTS** Judicial Defendants' Opposed Motion to Stay Discovery (Dkt. No. 17) until the Judicial Defendants' Motion to Dismiss has been ruled on by this Court.

**SIGNED** on April 30, 2020.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE