UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DAVID ROY HUTCHINGS, <br> Plaintiff, <br><br> VS. <br><br> COUNTY OF LLANO, TEXAS, LLANO CENTRAL APPRAISAL DISTRICT, LLANO INDEPENDENT SCHOOL DISTRICT, LLANO COUNTY TAX ASSESSOR/COLLECTOR, LLANO COUNTY EMERGENCY SERVICES, 424TH JUDICIAL DISTRICT, LLANO COUNTY SHERIFF'S OFFICE, JUDGE EVAN STUBBS, RONALD CUNNIGHAM, BILL BLACKBURN, SCOTT DUDLEY, KRIS FOGELBERG, MAC EDWARDS, GILBRT BENNETT, AND JOYCE GILLOW, <br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § | CASE NO. 1:20-CV-00308-LY |

## LLANO COUNTY DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Llano County (which includes the County offices of the Tax Assessor/Collector, Emergency Management—incorrectly referred to as Emergency Services, and the Sheriff's Office), County Judge Ronald Cunningham, Sheriff Bill Blackburn, Tax Assessor-Collector Kris Fogelberg, Emergency Services Coordinator Gilbert Bennett, and District Clerk Joyce Gillow (hereinafter collectively referred to as the "Llano County Defendants"), Defendants in the above styled and numbered cause, and file this Reply Brief in Support of their Motion to Dismiss Plaintiff's Original Complaint.

# I.
# REPLY BRIEF

Plaintiff files suit arising from the taxation of certain real property located in Llano County, Texas. Plaintiff claims that the real property at issue was not properly subjected to real property taxation and thus the alleged efforts by Defendants to collect past due tax payments, including a court proceeding, judgment and sale of the property, violated his rights. Plaintiff files suit alleging violation of The Racketeer Influenced and Corrupt Organizations (RICO) Act, deprivation of due process, violation of the excessive fines clause, violation of the Texas Theft Liability Act, fraud, conversion and intentional infliction of emotional distress.

The Llano County Defendants filed their Motion to Dismiss seeking dismissal of all of Plaintiff's claims on the basis of the Tax Injunction Act, Texas Tort Claims Act, and sovereign and qualified immunities. In response to these Defendants' Motion, Plaintiff has filed a response asserting only that the individual Defendants failed to establish that they properly assumed and swore the appropriate oaths for their respective County offices. [Document 23]. Plaintiff offers no response or rebuttal to any of the statutory or common law bases of the Llano County Defendants' Motion. Plaintiff only challenges the individual Defendants' authority based on a lack of evidence of an allegedly required oath of office. *Id.*

The burden of proving jurisdiction in response to a motion to dismiss filed pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) falls to the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). To survive a Rule 12(b)(6) motion to dismiss, the claimant must assert legally and factually plausible claims for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). There must be enough facts plead to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 209 (2007).

Plaintiff's response to the Llano County Defendants' Motion fails to meet his burden of establishing that he has a plausible claim for relief that rises above the speculative level. Without any evidentiary basis, Plaintiff questions the legal authority of the individuals named. Plaintiff offers no probative corroboration of his conclusory allegation other than to state that "the public record is barren of evidence." [Document 23, p. 2]

Plaintiff fails to offer any legal or factual argument to controvert that his causes of action are barred by the Tax Injunction Act, 28 U.S.C. §1341. Pursuant to this statute, federal district courts "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. §1341. Plaintiff does not dispute or controvert Defendants' evidence that the State of Texas provides for a plain, speedy and efficient remedy for taxpayers who have a grievance with state taxation and therefore satisfies the requirements of this Act. *See* Chapter 41 of the Texas Tax Code. As such, this Court has no jurisdiction over any of the claims alleged, and Plaintiff's lawsuit should be dismissed.

Plaintiff fails to offer any legal or factual argument to controvert that his causes of action against Llano County are barred by sovereign immunity. As a government unit, Llano County is not a proper RICO defendant as a matter of law. *Gil Ramirez Grp., L.L.C. v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 413 (5th Cir. 2015). It is additionally entitled to sovereign immunity with respect to the state law claims, since there is no express waiver of immunity in either the Texas Tort Claims Act or any other statutory basis. A governmental unit is immune from suit unless the immunity is waived by clear and unambiguous legislative consent. *See* TEX.GOV'T CODE §311.034; *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). A plaintiff "must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity." *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). Plaintiff has wholly failed to

do so.

Plaintiff's pleadings and response fail to offer any substantive claim that states a plausible claim of relief from any of the individual Llano County Defendants and/or that would overcome their qualified immunity. There are no factual allegations stated against County Judge Ronald Cunningham, Tax Assessor-Collector Kris Fogelberg, and Emergency Services Coordinator Gilbert Bennett, while Sheriff Bill Blackburn and District Clerk Joyce Gillow are only accused of nondiscretionary acts following the issuance of and implementing a court final judgment. Once good-faith entitlement to qualified immunity is pled, the burden shifts to the plaintiff to rebut it. *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007); *Cousin v. Small*, 325 F.3d 627, 632 (5th Cir. 2003). To overcome the pleading assertion, Plaintiff must prove (1) violation of a clearly established constitutional right by each individual defendant, and (2) that each defendant's conduct was not objectively reasonable in light of clearly established law at the time of the events giving rise to the suit. *See, e.g.*, *Reichle v. Howards*, 566 U.S. 658, 664–65 (2012). Plaintiff fails to meet either requirement to overcome qualified immunity for any of the individual Llano County Defendants. The individual Llano County Defendants are additionally entitled to dismissal of the State law claims pursuant to the irrevocable waiver set out in TEX.CIV.PRAC.&REM.CODE §101.106(a).

Plaintiff asserts that there is no evidence that the individual Defendants took the oaths of office that allow them to hold their positions. He offers no probative evidence that specific oaths were required, that they were not taken, and/or that this alleged failure overcomes the statutory and common grounds that serve as the bases for the Llano County Defendants' Motion to Dismiss. As a result, he has failed to meet his burden in providing this Court with evidence of a plausible claim for relief and these Defendants' Motion should be granted.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Llano County Defendants respectfully request that the Court grant their Motion to Dismiss and dismiss all of Plaintiff's claims pursuant to FRCP l2(b)(1) and (6) and the Texas Tort Claims Act. Defendants further request such other and further relief to which they may show themselves to be justly entitled, at law and in equity.

Respectfully submitted,

**FLETCHER, FARLEY,
SHIPMAN & SALINAS, L.L.P.**
2530 Walsh Tarlton Lane, Suite 150
Austin, Texas 78746
(512) 476-5300
FAX (512) 476-5771

By/s/ Joanna Lippman Salinas
    Joanna Lippman Salinas
    State Bar No. 00791122
    joanna.salinas@fletcherfarley.com

Attorneys for Defendants,
*Llano County, County Judge Ronald Cunningham, Sheriff Bill Blackburn, Tax Assessor-Collector Kris Fogelberg, Emergency Services Coordinator Gilbert Bennett, and District Clerk Joyce Gillow*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Llano County Defendants' Reply Brief in Support of Rule 12(b)(6) Motion to Dismiss** has been provided to the offices of:

*Via Email: drroylyn@yahoo.com*
David Roy Hutchings
12705 Bullick Hollow Road
Austin, Texas 78726

*Via Electronic Service*
Kirk Swinney
Ryan L. James
James R. Evans, Jr.
E. Barry Gaines
Marjorie I. Bachman
**LOW SWINNEY EVANS & JAMES, PLLC**
623 S. Baker Circle
Leander, Texas 78641

*Via Electronic Service*
Cory A. Scanlon, Assistant Attorney General
Texas Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

*Via Electronic Service*
Bridget Robinson
**WALSH GALLEGOS TREVINO RUSSO & KYLE, PC**
P.O. Box 2156
Austin, Texas 78768

in accordance with the Federal Rules of Civil Procedure, on May 11, 2020.

/s/ Joanna Lippman Salinas
Joanna Lippman Salinas