**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DAVID ROY HUTCHINGS,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Case No. 1:20-CV-308-LY-SH** |
| | § | |
| **COUNTY OF LLANO, TEXAS, LLANO** | § | |
| **CENTRAL APPRAISAL DISTRICT,** | § | |
| **LLANO INDEPENDENT SCHOOL** | § | |
| **DISTRICT, LLANO COUNTY TAX** | § | |
| **ASSESSOR/COLLECTOR, LLANO** | § | |
| **COUNTY EMERGENCY SERVICES,** | § | |
| **424TH JUDICIAL DISTRICT, LLANO** | § | |
| **COUNTY SHERIFF'S OFFICE, JUDGE** | § | |
| **EVAN STUBBS, RONALD** | § | |
| **CUNNINGHAM, BILL BLACKBURN,** | § | |
| **SCOTT DUDLEY, KRIS** | § | |
| **FOGELBERGE, MAC EDWARDS,** | § | |
| **GILBERT BENNETT,** | § | |
| **AND JOYCE GILLOW,** | § | |
| *Defendants* | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

**TO: THE HONORABLE LEE YEAKEL**
**UNITED STATES DISTRICT JUDGE**

Before this Court are: Defendants Llano Central Appraisal District and Scott Dudley's Motion to Dismiss Plaintiff's Original Complaint (Dkt. 9) and Motion to Set Hearing on Defendants' Motion to Dismiss (Dkt. 10);[1] Judicial Defendants' Motion to Dismiss (Dkt. 12); Llano County Defendants' Motion to Dismiss Plaintiff's Original Complaint (Dkt. 13); Motion to Dismiss by Defendants Llano Independent School District and Mac Edwards (Dkt. 14); and the parties' various response and reply briefs. On April 28, 2020, the District Court referred to the undersigned Magistrate Judge all pending and future discovery motions and other nondispositive motions for

---

[1] Because a hearing is unnecessary in this case, the Court **DENIES** the Motion to Set Hearing on Defendants' Motion to Dismiss (Dkt. 10).

resolution, and all pending and future dispositive motions for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.    Background

On March 23, 2020, Plaintiff David Roy Hutchings, proceeding *pro se*, filed this lawsuit against the County of Llano, Texas, Llano Central Appraisal District, Llano Independent School District, Llano County Tax Assessor/Collector, Llano County Emergency Services and Llano County Sheriff's Office,[2] the 424th District Court of Llano County, Judge Evan Stubbs, Ronald Cunningham, Bill Blackburn, Scott Dudley, Kris Fogelberg, Mac Edwards, Gilbert Bennett, and Joyce Gillow (collectively, "Defendants"). Plaintiff alleges that the Defendants illegally assessed and collected property taxes on his real property in Llano County, Texas, and that his property was sold illegally through a state court judicial proceeding. Plaintiff claims that the Defendants had no right to collect taxes on his property because "the Right to own property is a substantive Right" which "cannot be taxed." Dkt. 1 ¶¶ 56, 58. Plaintiff further claims that the Defendants "operated a criminal enterprise under color of law" with the purpose of "the taking of Claimant's property in order to enrich themselves or the enterprise." Dkt. 1 ¶¶ 2-4.

Plaintiff's Complaint alleges a plethora of claims against the Defendants, including claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 and 1962 ("RICO"); 42 U.S.C. §§ 1983, 1985, and 1986; the Eighth Amendment to the United States Constitution; the Texas Theft Liability Act; and the Texas Deceptive Trade Practices Act, as well as fraud, conversion, and a claim for the intentional infliction of emotional distress. Plaintiff seeks

---

[2] Defendants contend that Plaintiff has incorrectly referred to Emergency Management as "Emergency Services, and the Sheriff's Office." Dkt. No. 13 at 1.

$5 million in damages, punitive damages, the return of his property, the expungement of all of his court records, and attorney's fees and costs.

All of the Defendants now seek dismissal of Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6). The Court makes the following recommendations.

## II.     Legal Standards

### A.  Rule 12(b)(1)

Federal district courts are courts of limited jurisdiction and may exercise only such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332.

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject matter jurisdiction as a defense to suit. A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* In ruling on a Rule 12(b)(1) motion, the court may consider (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

**B. Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## III.   Analysis

As noted, Defendants seek dismissal of Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6). Specifically, Defendants Llano Central Appraisal District and Scott Dudley argue that Plaintiff's Complaint should be dismissed based on the Tax Injunction Act. Dkt. 9. The Judicial Defendants move to dismiss Plaintiffs' Complaint on the bases of judicial

immunity, qualified immunity, lack of subject matter jurisdiction, the *Rooker-Feldman* doctrine, and failure to state a claim on which relief can be granted. Dkt. 12. The Llano County Defendants move to dismiss on the bases of the Tax Injunction Act, sovereign immunity, and failure to state a claim. Dkt. 13. The Llano Independent School District and Mac Edwards argue that Plaintiff's case should be dismissed based on the Tax Injunction Act, sovereign immunity, qualified immunity, and failure to state a claim. Dkt. 14.

The Court addresses Defendants' jurisdictional arguments first. *See Ramming*, 281 F.3d at 161 ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").

**A.  Judicial Immunity**

As stated above, Plaintiff alleges that Defendants illegally assessed and collected property taxes on his property in Llano County, and that his property was sold illegally through a state court judicial proceeding in the 424th District Court of Llano County, Texas. In addition to the numerous other defendants, Plaintiff has named as defendants Llano County District Court Judge Evan Stubbs, the judge who presided over Plaintiff's state court proceedings at issue in this case, and the 424th District Court (collectively, the "Judicial Defendants").

It is settled law that a judge enjoys absolute immunity from liability for damages for judicial acts performed within his or her jurisdiction.

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction. . . . This immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.

*Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (internal quotations and citations omitted). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Motive of the judicial officer is irrelevant when considering absolute immunity. *See Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive."). Judges acting in their official capacity also enjoy absolute immunity from suits for injunctive relief because the Federal Courts Improvement Act of 1996 extended the doctrine of judicial immunity to injunctive relief and damages. *Machetta v. Moren*, 726 F. App'x 219, 220 (5th Cir. 2018).

Absolute judicial immunity is overcome only in two rather narrow sets of circumstances: First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity; and second, a judge is not immune for actions, although judicial in nature, taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12. "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (quoting *Mireles*, 502 U.S. at 12). "For purposes of immunity, the judge's jurisdiction is construed broadly and a judge is not deprived of immunity 'because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Davis v. Bayless*, 70 F.3d 367, 373 (5th Cir. 1995) (quoting *Stump v. Sparkman*, 435 U.S. 349, 357-60 (1978)).

Judge Stubbs was clearly acting in his judicial capacity when he presided over the state court litigation regarding the assessment and failure to pay taxes on Plaintiff's property. *See Rizer v. Cty. of Bastrop, Texas*, No. 18-CV-607-LY-ML, 2018 WL 7350680, at *4 (W.D. Tex. Dec. 14, 2018)

6

(holding that state court judge presiding over tax proceeding concerning real property was entitled to judicial immunity as to plaintiff's claims under RICO, 42 U.S.C. § 1983, Texas Theft Liability Act, and claims for fraud, conversion, and intentional infliction of emotional distress), *report and recommendation adopted*, No. 1:18-CV-607-LY, 2019 WL 1313453 (W.D. Tex. Mar. 1, 2019). Plaintiff does not complain of any actions taken by Judge Stubbs that were nonjudicial in nature; nor does he show that Judge Stubbs was acting in the clear absence of all jurisdiction. Accordingly, Judge Stubbs is entitled to absolute judicial immunity and Plaintiff's claims against Judge Stubbs must be dismissed.

Plaintiff's claims against the 424th District Court also must be dismissed because the court is not a legal entity capable of being sued. *See Rodgers v. 323rd Dist. Court Tarrant Cty. Texas*, 797 F. App'x 889 (5th Cir. 2020) (affirming district court's holding that "the 323rd District Court was not a legal entity capable of being sued"); *Rizer*, 2018 WL 7350680, at *4 (holding that "the 335th Judicial District Court is not a legal entity that can be sued"); *Banargent v. Texas Court of Criminal Appeals*, No. A-10-CA-358-SS, 2010 WL 2430766, at *1 (W.D. Tex. June 15, 2010) (same).

Based on the foregoing, the Judicial Defendants' Motion to Dismiss (Dkt. 12) should be granted.[3]

## B. Tax Injunction Act

In addition to the Judicial Defendants, Plaintiff has named multiple Llano County departments and employees as Defendants. All of these Defendants have filed Motions to Dismiss, in part, on the basis that Plaintiff's lawsuit is barred by the Tax Injunction Act, 28 U.S.C. § 1341 ("TIA"). Plaintiff's lawsuit is barred by the TIA.

---

[3] Because the Court finds that Plaintiff's claims are barred by judicial immunity and the district court is not a proper party, the Court need not address the Judicial Defendants' alternative arguments.

The TIA provides that: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. This statute reflects "the fundamental principle of comity between federal courts and state governments that is essential to 'Our Federalism,' particularly in the area of state taxation." *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 103 (1981). The TIA bars federal district courts from granting declaratory as well as injunctive relief in cases challenging state tax systems. *California v. Grace Brethren Church*, 457 U.S. 393, 408 (1982). Taxpayers also are barred by the principles of comity from asserting § 1983 actions against the validity of state tax systems in federal court. *McNary*, 454 U.S. at 116. Thus, the TIA bars the district court from asserting jurisdiction unless the State fails to supply a plain, speedy and efficient remedy for the taxpayer's claim. *Smith v. Travis Cty. Educ. Dist.*, 968 F.2d 453, 456 (5th Cir. 1992).

Plaintiff's seeks to invalidate the property tax assessment on his property on federal constitutional and other grounds, and seeks a declaration that his property is not within the taxing authority of the Texas Tax Code.[4] The Fifth Circuit has addressed the adequacy of Texas remedies under § 1341 for claims like Plaintiff's, and have found them to be "plain, speedy and efficient." *See McQueen v. Bullock*, 907 F.2d 1544, 1548 n.9 (5th Cir. 1990). Because Texas state courts provide a procedural vehicle for taxpayer's federal constitutional claims, including a "full hearing and judicial determination, with ultimate review available in the United States Supreme Court," Texas provides an adequate remedy for Plaintiff's constitutional claims as well. *Smith*, 968 F.2d at 456. Accordingly, Plaintiff's claims against Defendants are barred by the TIA. *See id.* (holding that TIA barred district court from entertaining taxpayers' constitutional claims against the

---

[4] Dkt. 1 at ¶ 72.

collection of county ad valorem taxes); *Rizer*, 2018 WL 7350680 at *3 (dismissing plaintiff's claims based on TIA).

## C.  Rooker-Feldman Doctrine

The undersigned further finds that this Court lacks subject matter jurisdiction over this lawsuit under the *Rooker-Feldman* doctrine.[5] This doctrine deprives federal courts of subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

> A federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief. If the district court is confronted with issues that are "inextricably intertwined" with a state judgment, the court is "in essence being called upon to review the state-court decision," and the originality of the district court's jurisdiction precludes such a review.

*United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir.1994) (quoting *Feldman*, 460 U.S. at 482 n.16). Litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits. *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994). The only federal recourse for constitutional questions arising in state court proceedings is application for writ of certiorari to the United States Supreme Court. *Id.*

Because the Court finds that Plaintiff's claims are inextricably intertwined with the state court judgment and proceedings regarding his taxes and property, this suit is barred by the *Rooker-Feldman* doctrine. *See Santoro v. Cty. of Collin, Texas*, No. 4:18-CV-660, 2019 WL 5692190, at *4 (E.D. Tex. Aug. 16, 2019) (finding that plaintiff's claims challenging tax lien foreclosure on

---

[5] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

his property were barred by *Rooker-Feldman* doctrine and noting that federal courts routinely apply the doctrine to challenges to state property tax assessments), *report and recommendation adopted*, No. 4:18-CV-660, 2019 WL 4686361 (E.D. Tex. Sept. 26, 2019); *Rizer*, 2018 WL 7350680, at *3 (holding that court did not have jurisdiction to hear Plaintiff's RICO and civil rights claims challenging county's tax assessment and liens on his property).

Based on the foregoing, Defendants' Motions to Dismiss should be granted.[6]

## IV.    Recommendation

The undersigned **RECOMMENDS** that the District Court **GRANT** Defendants Llano Central Appraisal District and Scott Dudley's Motion to Dismiss Plaintiff's Original Complaint (Dkt. 9), Judicial Defendants' Motion to Dismiss (Dkt. 12), Llano County Defendants' Motion to Dismiss Plaintiff's Original Complaint (Dkt. 13), and Defendants Llano Independent School District and Mac Edwards' Motion to Dismiss (Dkt. 14), and **DISMISS** this case with prejudice for lack of subject matter jurisdiction.

## V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and,

---

[6] Because the Court has concluded that Plaintiffs' lawsuit is barred by judicial immunity, the Tax Injunction Act, and the *Rooker-Feldman* doctrine, the Court need not address Defendants' alternative arguments.

except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **SIGNED** on July 27, 2020.

 

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE